UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 18-3254 (DSD/KMM)

Ayub Haji Abukar,

    Petitioner,

v.                                    **ORDER**

Matthew G. Whitaker,
Acting Attorney General,
Kirstjen M. Nielsen, Secretary,
Department of Homeland Security,
Ronald Vitiello, Acting Director,
Immigration and Customs Enforcement,
Peter Berg, Director, St. Paul
Field Office, Immigration and
Customs Enforcement,

    Respondents.

    Annamarie A. Daley, Esq. and Jones Day, 90 South Seventh Street, Suite 4950, Minneapolis, MN 55402, counsel for petitioner.

    Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for respondents.

This matter is before the court upon the motion for a temporary restraining order and/or preliminary injunction by petitioner Ayub Haji Abukar. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied and the petition is dismissed.

**BACKGROUND**

Abukar is a citizen of Somalia who entered the United States as a refugee in 1997. Pet. ¶ 20. In 1999 he applied for

adjustment of status, a section 209(c) waiver, asylum, withholding, and protection under the Convention Against Torture (CAT). Id. In 2000, the immigration judge (IJ) denied Abukar's applications and ordered him removed to Somalia. Id. The Board of Immigration Appeals (BIA) affirmed the IJ, but Abukar was not deported because Somalia did not have a functioning government and was unstable and dangerous. Id. Abukar has been under supervision or in state or ICE custody since that time.[1] Id. ¶¶ 2, 20. In 2018, ICE took Abukar into custody. Id. ¶ 21.

On September 5, 2018, Abukar moved to reopen his asylum case and to stay removal before the BIA based on changed circumstances in Somalia. Id. ¶¶ 3, 21. The BIA denied the motion to stay but has yet to rule on the motion to reopen. Id. ¶¶ 3, 22. Abukar has been informed that he will be deported to Somalia on November 29, 2018. Id. ¶ 4.

On November 27, 2018, Abukar filed a petition for habeas corpus seeking a stay of his removal pending a ruling on his motion to reopen. He claims that (1) removal will subject him to risk of persecution and torture by the terrorist group Al-Shabaab given his minority clan membership, Christian beliefs, and schizophrenia; and (2) removal before the BIA rules on his pending motion to reopen constitutes a violation of due process. The same day, Abukar filed

---

[1] Abukar has been convicted of several crimes in Minnesota and North Dakota. Id. ¶ 2; Abukar Decl. ¶¶ 9, 11.

this motion for a temporary restraining order (TRO) and/or preliminary injunction seeking a stay of his removal pending the BIA's determination on his motion to reopen and the exhaustion of any and all appeals of that determination.

**DISCUSSION**

**I. Standard of Review**

A TRO is an extraordinary equitable remedy, and the movant bears the burden of establishing its propriety. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The purpose of a TRO is to "preserve the status quo until the merits [of the case] are determined." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). In determining whether it should issue a TRO, the court considers: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between the harm to the movant in the absence of relief and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits, and (4) the public interest. Id. at 114. But if a court determines it lacks jurisdiction over the matter, it need not analyze the Dataphase factors. Buezo v. Banieke, No. 08-206, 2008 WL 312808, at *2 (D. Minn. Feb. 1, 2008).

**II. Jurisdiction**

The court lacks jurisdiction over any case that challenges the decision of the Attorney General to execute a removal order:

> [N]otwithstanding any other provision of law ... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or executive removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "A claim that is connected directly and immediately to a decision to execute a removal order arises from that decision." Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017) (internal quotation marks and citation omitted). Here, Abukar asks the court to stay his removal, a claim that is directly related to the Attorney General's decision to execute a removal order. As a result, the court lacks jurisdiction over his claim. See Sheikh v. Sessions, No. 17-5330, 2017 WL 6033674 (D. Minn. Dec. 6, 2017) (finding no jurisdiction under materially identical circumstances); Mohamed v. Sessions, No. 17-5331, 2017 WL 6021293 (D. Minn. Dec. 5, 2017) (same); Ibrahim v. Sessions, No. 17-5333, 2017 WL 6021314 (D. Minn. Dec. 5, 2017) (same); Adan v. Sessions, No. 17-5328, 2017 WL 6001740 (D. Minn. Dec. 4, 2017) (same).

Although the Eighth Circuit in Silva recognized that Jama v. Immigration and Naturalization Service, 329 F.3d 630 (8th Cir. 2003) carved out an exception to § 1252(g) for habeas claims that raise a pure question of law, the court does not find that the exception applies here. Silva, 866 F.3d at 941. Unlike the petitioner in Jama, Abukar does not challenge the Attorney General's construction of a statute, rather his claims are based on the fact-intensive inquiry into whether conditions in Somalia have

4

changed such that his removal should be prevented and whether he has been afforded adequate due process. See Jama, 329 F.3d at 632-33.

As the court has previously concluded, cases holding to the contrary are distinguishable. In Hamama v. Adducci, 258 F. Supp. 3d 828 (E.D. Mich. 2017) and Devitri v. Cronen, No. 17-11842, 2017 WL 5707528 (D. Mass. Nov. 27, 2017), for example, the courts concluded that they had jurisdiction and stayed the execution of a removal order. But in those cases, unlike here, the petitioners sought injunctive relief so that they could file a motion to reopen with the BIA, something that Abukar has already done. Hamama, 258 F. Supp. 3d at 830; Devitri, 2017 WL 5707528, at *1. Further, the courts concluded that the immigration procedures under the REAL ID Act were inadequate and ineffective under the extraordinary circumstances presented. See Hamama, 258 F. Supp. 3d at 840-41 (discussing that the government's execution of removal affected 1,444 persons consequently overwhelming the immigration system and that the aliens had difficulty obtaining and communicating with counsel); Devitri, 2017 WL 5707528, at *7 (discussing the concern that the BIA's emergency procedures may not apply to petitioners because they were not in physical custody). Such extraordinary circumstances are not present here. Thus, the court is bound to apply Eighth Circuit precedent holding that the procedures provided for under the REAL ID Act afford an adequate and effective

alternative to habeas relief. See Mohamed v. Gonzalez, 477 F.3d 522, 526 (8th Cir. 2007) ("Congress has created a remedy as broad in scope as a habeas petition. It is an adequate and effective substitute to test the legality of a person's detention."). As a result, the court must deny injunctive relief given the court's lack of jurisdiction.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for a temporary restraining order and/or preliminary injunction [ECF No. 9] is denied; and

2. The petition is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 28, 2018

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court